UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80732-CIV-HURLEY

ADOBE LUMBER CO.,
CANDYCE PETRIE and
SCOTT PETRIE,
    plaintiff

vs.

AMERICAN MASTER CRAFT STEEL
BUILDINGS CORP., DARREN FRANK
a/k/a CECIL D. FRANK and SOPHIA FRANK,
    defendants.
_____/

## MEMORANDUM OPINION GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT AMERICAN MASTER CRAFT STEEL BUILDINGS CORP.

This is an action for breach of contract and fraud arising out of contracts for the purchase and sale of prefabricated steel buildings manufactured by Defendant American Master Craft Steel Buildings Corp. ("American Master Craft"). It is currently before the court upon the plaintiffs' motion for partial summary judgment against defendant American Master Craft filed July 27, 2006. [DE# 25] As of this date, defendants have not filed any response in opposition to the motion.[1]

Having reviewed the motion, together with plaintiffs' Complaint, including all attachments, and the defendants' Answer, the court concludes that the essential allegations of plaintiffs' breach of contract claims against defendant American Master Craft are irrefutably established and that

---

[1] On September 14, 2006, the court issued a show cause order reminding defendants of the pendency of the motion and the lack of any opposition to it. [DE# 37] Although the defendants were provided an additional ten days to file opposition papers at that juncture, the defendants never filed response to this order.

1

plaintiffs are accordingly entitled to entry of partial final summary judgment as a matter of law upon these claims.

## I. Fact Background

Through their Answer to the Complaint, defendants expressly admit that:

(1) On November 10, 1999, the corporate plaintiff, Adobe Lumber Co. ("Adobe"), a California corporation with principal place of business in American Canyon, California, entered into a contract with American Master Craft, a then Florida corporation with principal place of business in Boca Raton, Florida, for the purchase and sale of two prefabricated steel buildings. Adobe prepaid the entire $116,900.00 purchase price for the buildings.

(2) On November 16, 2001, the individual plaintiffs, Candyce and Scott Petrie, entered into separate contracts with American Master Craft for the purchase and sale of an additional prefabricated steel building with a purchase price of $103,800.00. Plaintiffs paid a deposit of $68,200.00 toward the purchase of this building. On January 25, 2002, the individual plaintiffs again contracted with American Master Craft for the purchase of a second prefabricated building with a purchase price of $8,540.00. Plaintiffs paid a deposit of $1,000.00 on this building.

(3) Defendant American Master Craft never delivered the buildings which it contracted to supply to plaintiffs. Although plaintiffs consequently demanded return of the deposit monies in July 2002, defendants have failed or refused to refund the deposit monies paid by plaintiffs to secure the contracts.

(4) In September 2003, defendant American Master Craft was administratively dissolved by the Florida Department of State.

## II.  Procedural Background

Plaintiffs filed this suit on August 11, 2005, lodging claim for breach of contract against defendant, American Master Craft (Counts 1 and 2) and fraud against both defendant American Master Craft and individual defendants, Darren Frank and Sophia Frank, officers and directors of American Master Craft. (Counts 3, 4 and 5).

The gist of the fraud allegation is that the individual defendants, Darren Frank and Sophia Frank, acting as officers and directors of defendant American Master Craft, knowingly misrepresented that American Master Craft could and would deliver the buildings at the time the contracts were entered, and later misrepresented that the buildings had in fact actually been constructed, when at all material times the buildings did not exist and the defendants had no intention of constructing the buildings or otherwise performing as required under the contracts.

By their answer to the complaint, the defendants admit that the contracts were entered, that deposit monies were paid, and that the buildings were never delivered.  There are no affirmative defenses pled in defense of the breach of contract claims.

The defendants generally deny, on the other hand, the allegations of fraud. As affirmative defense to these claims, they further allege that the four year statute of limitations has expired, and that the doctrine of laches otherwise bars plaintiffs from pressing these claims.  The individual defendant Sophia Frank further alleges that she personally had no contact with plaintiffs, and therefore cannot be held responsible for the misrepresentations alleged in support of these claims.

Plaintiffs now seek entry of partial final summary judgment against defendant American Master Craft on the breach of contract claims brought by the corporate Adobe plaintiff ( Count 1) and the individual Petrie plaintiffs (Count 2).

### III.  Standard for Summary Judgment.

Summary judgment is appropriate if the pleadings, depositions and affidavits, viewed in the light most favorable to the non-moving party, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Swain v Hillsborough County School Board*, 146 F.3d 855 (11th Cir. 1998).  To defeat a motion for summary judgment, the nonmoving party may not rely on 'mere allegations,' but must raise 'significant probative evidence' that would be sufficient for a jury to find for that party. *LaChance v Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998).  Summary judgment is appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Williams v Vitro Servs. Corp*, 144 F.3d 1438, 1441 (11th Cir. 1998).

### IV. Discussion

The court agrees that defendant American Mastercraft, through its Answer to plaintiff's Complaint, has admitted all allegations essential to establish the breach of contract claims. The court accordingly finds, based on the parties' pleadings, that valid contracts existed for the purchase and sale of prefabricated steel buildings between plaintiff Adobe and defendant Master Craft, as well as plaintiffs Candy and Scott Petrie and defendant Master Craft, and that defendant American Master Craft breached those contracts by failing to deliver the prefabricated steel buildings which it promised to manufacture and sell.

At a minimum, then, at this juncture the plaintiffs are entitled to recover as liquidated damages the full amount of deposit monies paid by plaintiffs to defendant Master Craft, and the court shall accordingly enter partial final summary judgment against this defendant on the subject breach of contract claims.  The court recognizes that plaintiffs also seek non-liquidated

(consequential) damages on these claims, and agrees that the resolution of this element of damages is necessarily reserved for trial, for determination along with the fraud claims still pending against the corporate defendant, American Master Craft, as well as the individual defendants, Darren Frank and Sophia Frank.

### V. Conclusion

It is accordingly **ORDERED AND ADJUDGED:**

1. In light of the court's disposition of this motion on its merits pursuant to the uncontested allegations of the plaintiffs' complaint and current motion for summary judgment, the hearing previously scheduled upon this matter for Tuesday, October 17, 2006 at 8:30 a.m. is **CANCELLED.**

2. The plaintiffs' motion for partial summary judgment on the issue of liability on the breach of contract claims against defendant American Master Craft (Counts 1 and 2) [DE# 25] is **GRANTED.**

3. Pursuant to Rule 58, the court shall enter separate **FINAL PARTIAL SUMMARY JUDGMENT** in favor of the plaintiffs and against defendant American Master Craft, awarding $116,900.00 to plaintiff Adobe and $69,200.00 to the individual Petrie plaintiffs as liquidated damages upon their breach of contract claims against this defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 12th day of October, 2006.

    _____
    Daniel T. K. Hurley
    United States District Judge

cc. all counsel