IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS

ADOBE LUMBER, CO., CANDYCE PETRIE,
and SCOTT PETRIE,

        Plaintiffs,

v.

AMERICAN MASTER CRAFT STEEL
BUILDINGS, CORP., DARREN FRANK
a/k/a CECIL D. FRANK and SOPHIA FRANK,

        Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
## FOR AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES

        Plaintiffs, ADOBE LUMBER, CO., CANDYCE PETRIE, and SCOTT PETRIE,

(hereinafter, collectively, "Plaintiffs"), submit this Memorandum Of Law In Support

Of Plaintiffs' Motion For Award Of Attorneys' Fees ("Motion").  For the reasons set

forth below, and in the supporting Declaration of Elio F. Martinez, Esquire, filed

contemporaneously herewith, the Court should enter a Partial Judgment awarding

Plaintiffs' attorneys' fees in the total amount of **$3,180.50,** against AMERICAN

MASTER CRAFT STEEL BUILDINGS, CORP., DARREN FRANK a/k/a CECIL

D. FRANK and SOPHIA FRANK, (collectively "Defendants") jointly, severally and

individually, in connection with Plaintiffs' Motion To Compel Production of

Documents and Answers To Interrogatories  ("Motion to Compel").

CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS

I.     **The Amount of the Attorneys' Fees**
       **Requested By Plaintiffs is Reasonable.**

In determining an appropriate attorneys' fee award to a prevailing party in the 11th

Circuit, a three-part methodology called the "lodestar multiple approach" is utilized. The

genesis of this methodology is the former Fifth Circuit case of *Johnson v. Georgia*

*Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), which sets forth 12 guidelines for a

district court to consider in determining reasonable attorneys' fees. These guidelines are:

(1)    the time and labor required;
(2)    the novelty and difficulty of the questions presented;
(3)    the skill requisite to perform the legal services properly;
(4)    the preclusion of other employment by the attorney due to the acceptance
       of the case;
(5)    the customary fee;
(6)    whether the fee is fixed or contingent;
(7)    time limitations imposed by the client or the circumstances;
(8)    the amount involved and the results obtained;
(9)    the experience, reputation and ability of the attorneys;
(10)   the undesirability of the case;
(11)   the nature and length of the professional relationship with the client; and
(12)   awards in similar cases.

The three-step approach utilized by a district court involves the following:

(1)    A determination of the number of hours reasonably expended on the
       litigation, considering the first *Johnson* factor;

(2)    Multiplication of the number of hours reasonably expended by a
       reasonable hourly rate, considering the fifth *Johnson* factor; and

(3)    Calculation of a multiple to be applied to the lodestar, considering the
       remaining *Johnson* factors.

*See e.g., Behrens v. Wometco Enterprises, Inc.,* 118 F.R.D. 534 (S.D. Fla. 1988), *aff'd*

899 F.2d 21 (11th Cir. 1990).

2

### A.    Number of Hours Reasonably Expended

As set forth in the Martinez Declaration filed contemporaneously herewith, the hours expended by the various attorneys at the law firm of Concepcion Sexton & Martiniez, f/k/a Concepcion & Associates ("CS&M"), who have rendered relevant legal services in this case as against the Defendants are as follows: a total of **17.1** hours in connection with Motion To Compel, including obtaining entry of the Order on same against the Defendants.

The Martinez Declaration attaches records which detail the services performed by each attorney and legal assistant rendering services in connection with the Plaintiffs' Motion To Compel. These records reveal no duplication of effort and reflect that the work performed in this case was performed in an extremely efficient manner. Plaintiffs submit that the number of hours expended by their counsel is reasonable.

### B.    Reasonable Rates/Lodestar Calculation

As set forth above, the next step in the determination of a reasonable fee is the calculation of the lodestar product. This is accomplished by multiplying the reasonable number of hours expended by an appropriate hourly rate. The law is well settled that it is appropriate to utilize the current billing rates of the respective individuals in the calculation:

> The use of current rates, as opposed to historical rates, compensates counsel for inflation and delay in receipt of payment. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1096 n.26 (5th Cir. 1982) *overruled in part on other grounds, International Champion Intern.*, 790 F.2d 1174 (5th Cir. 1986).

*Behrens*, 118 F.R.D. at 547. *See also Figa v. R.V.M.P. Corp.*, 681 F. Supp. 806, 809 n.1 (S.D. Fla. 1988) ("The court believes that current rates should be used to value the

3

CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS

services provided here.").

The hourly rates charged for general commercial litigation by the individuals at CS&M who have rendered relevant legal services in this case are as follows:

| **Attorneys** | **Position** | **Rate** |
|---|---|---|
| Carlos Concepcion | Partner | 350.00 |
| Elio F. Martinez, Jr. | Partner | 275.00 |
| Sanjukta Sen | Associate | 225.00 |
| Zoila Sanchez | Legal assistant | 95.00 |

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience and reputation." *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.), *reh'g denied*, 922 F.2d 849 (11th Cir. 1990), *quoting Norman v. Montgomery Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988), *citing Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The foregoing hourly rates clearly comport with the standard rates charged for general commercial litigation within Miami by attorneys and legal assistants of like skill. *See* Martinez Declaration filed herewith. Thus, the normal current hourly rates charged by Plaintiffs' counsel clearly are reasonable for purposes of calculation of the lodestar in this case.

Utilizing the reasonable hours expended by Plaintiffs' counsel and the current rates charged, the appropriate lodestar calculation is as follows:

| **Attorney** | **Hourly Rate** | **Hours** | **Total Lodestar Fees** | |
|---|---|---|---|---|
| Carlos Concepcion | (Partner) | 350.00 | 1.2 | $   420.00 |
| Elio F. Martinez, Jr. | (Partner) | 275.00 | 2.9 | $   797.50 |
| Sanjukta Sen | (Associate) | 225.00 | 5.6 | $ 1,260.00 |
| Zoila Sanchez | (Legal assistant) | 95.00 | 7.4 | $   703.00 |
| | | **Total hours and Fees:** | **17.1** | **$ 3,180.50** |

4

### C.   Adjustment of Lodestar

The third step in the determination of a reasonable fee is the calculation, by reviewing all aspects of the case, of an appropriate multiple which may increase or decrease the lodestar amount. *Behrens*, 118 F.R.D. at 546. *See also Dowdell v. City of Apopka*, Florida, 698 F.2d 1181, 1187 n.8 (11th Cir. 1983).

Plaintiffs respectfully submit that consideration of a number of the *Johnson* factors justifies an increase in the lodestar amount. The work performed in this matter on behalf of Plaintiffs was both diligent and efficient, a fact which would justify an increase in the lodestar amount. *Graves v. Barnes*, 700 F.2d 220, 223 (5th Cir. 1983). Further, with respect to the "experience, reputation, and ability" of Plaintiffs' counsel, both Messrs. Concepcion and Martinez have each practiced commercial litigation for over twenty (20) years and "[p]erhaps no better indicator of the quality of representation here exists than the result obtained." *Behrens*, 118 F.2d at 547.

In addition, it has been recognized that courts may adjust the lodestar in recognition of the public interest nature of the litigation. *See e.g., Belbchick v. Washington Metro Area Transit Commission*, 805 F.2d 396 (D.C. Cir. 1986). Clearly, the public has an interest in compelling Defendants like AMC&F who flagrantly and repeatedly violate the orders of this Court to require them to *inter alia* pay compensation for their contumacious conduct.

*Johnson* also provides, with respect to the twelfth factor, that the reasonableness of a fee may be considered in the light of awards made in similar litigation within and without the court's circuit. A review of attorneys' fee awards in other motion to compel cases involving discovery violations are based strictly on the lodestar calculation, without use of a lodestar multiple enhancement, demonstrating that the fees requested herein are clearly reasonable. For example, the Eleventh Circuit affirmed "the district court's determination of the appropriate cost of discovery litigation based on the hours expended by plaintiffs' counsel" because the decision was supported by the record. *Gray v.*

5

*Lockheed Aeronautical Systems Co.,* 125 F.3d 1387 (11th Cir. 1997) (the lawyers' records appeared reasonable, and defendant lodged only conclusory objections to the time claimed).

Notwithstanding Plaintiffs' entitlement to an enhancement of their fees incurred in this matter, Plaintiffs seek to recover no more than the relevant fees which they have, in fact, incurred in connection with the Motion. *See* Martinez Declaration. Accordingly, Plaintiffs submit that a lodestar multiple of 1 is appropriate in this case. In these circumstances, where Plaintiffs were successful in all facets of the Motion To Compel Production of Documents and Answers To Interrogatories use of such a multiple is certainly appropriate and in this case, more than reasonable. *See Figa v. R.V.M.P. Corp.,* 681 F. Supp. 806, 810 n.2 (S.D. Fla. 1988); *Standard Guaranty Insurance Co. v. Quanstrom,* 555 So.2d 828 (Fla. 1990). Further, Defendants' contumacious conduct in refusing to produce the documents and answer the interrogatories which were originally requested in July 2006, and not produced yet four months later, in November, 2006 at the eve of trial despite many orders of this Court, has severely prejudiced the Plaintiffs. Plaintiffs have been forced to repeatedly postpone depositions without the requested discovery. In the face of such blatant disregard for the rules of civil procedure, the orders of the court, and such severe prejudice, a **lodestar multiple of 1** is very reasonable in the instant case. *Stein v. Foamex International, Inc.,* 204 F.R.D. 270 (D.C. Pa. 2001) (defendant was entitled to an award of $3,430 for work done by attorneys on its successful motion to compel production of documents which included time for drafting and sending two demand letters, a motion to compel and an accompanying memorandum, and a reply to plaintiffs' opposition memorandum); *Envirosource, Inc. v. Horsehead Resource Devel. Co.,* 981 F.Supp. 876 (D.C.N.Y. 1998) (only due to the plaintiffs' persistence were the failures of the defendant with regard to the enforcement of the orders of production eventually remedied, and the court was satisfied that plaintiffs' counsel were justified in spending the time necessary to accomplish this result).

6

CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS

## CONCLUSION

For the foregoing reasons, the Court should enter the Order Granting Attorneys'

Fees as requested by Plaintiffs.

Respectfully Submitted,

**CONCEPCION SEXTON & MARTINEZ**

*Attorneys for Plaintiffs Adobe Lumber &*
Candyce and Scott Petrie
355 Alhambra Circle - Suite 1250
Coral Gables, Florida 33134
Tel.:(305) 444-6669; Fax:(305) 444-3665

By:_____
**CARLOS F. CONCEPCION, ESQ.**
Florida Bar No.:386730
**ELIO F. MARTINEZ, JR. ESQ**
Florida Bar No.:501158

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via

U.S. mail to Mark D. Cohen, Esq., 4000 Hollywood Boulevard, Suite 435, Hollywood,

Florida 33021 on this 3rd day of November, 2006.

By:_____
**ELIO F. MARTINEZ, JR. ESQ**

T:\CFCLAW\CASES\A-C\Channel Lumber Company (Petrie, Candyce)\Firm's Pleadings\Motions and Memos\Memorandum re Attorneys' Fees re Motion To Compel.doc