UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS

ADOBE LUMBER, CO., CANDYCE PETRIE,
and SCOTT PETRIE,

        Plaintiffs,

v.

AMERICAN MASTER CRAFT STEEL
BUILDINGS, CORP., DARREN FRANK
a/k/a CECIL D. FRANK and SOPHIA FRANK,

        Defendants.
_____/

### PLAINTIFF CANDYCE PETRIE'S RULE 60 MOTION TO AMEND JUDGMENT, AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, Candyce Petrie ("Ms. Petrie"), pursuant to Fed.R.Civ.P. 60, moves this Court for the entry of an Order correcting this Court's December 15, 2006 Opinion Memorandum & Final Judgment On Fraudulent Inducement And Corporate "Sham" Claims Against All Defendants & Supplemental Final Judgment On Breach Of Contract Claim Of Petrie Plaintiffs Against Defendant American Master Craft Buildings Corp. ("Opinion Memorandum & Final Judgment" or alternatively "Order"), and awarding compensatory damages in the amount of $179,400.00 in favor of Ms. Petrie and against Defendants, American Master Craft Steel Buildings, Corp. ("AMC") and Darren Frank a/k/a Cecil D. Frank ("Mr. Frank"), jointly and severally, based on this Court's express finding that AMC and Mr. Frank are liable to Ms. Petrie on her fraud in the inducement claim (Count 4) against them. The grounds for this Motion are set forth in the Memorandum of Law, below.

*CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS*

### I.   THE OPINION MEMORANDUM & FINAL JUDGMENT

Following a bench trial on November 20, 2006, this Court entered the Opinion Memorandum & Final Judgment on December 15, 2006 and found *inter-alia,* that: i) there was sufficient evidence to sustain the fraudulent inducement claim (Count 4) of Ms. Petrie against AMC and Mr. Frank, who were adjudicated liable to Ms. Petrie on that claim; ii) as a result of that fraudulent inducement, Mr. Frank and AMC were jointly and severally liable to Candyce Petrie for punitive damages in the amount of $179,400.00; and iii) AMC was liable to Candyce and Scott Petrie in the amount of $109,200.00 for consequential damages/lost profits on the Petries' breach of contract claim (Count 2).[1]

The Court further found that, on Ms. Petrie's fraudulent inducement claim, the punitive damages award should be one that is "commensurate with the compensatory damages suffered by the Petries, and [the Court] now finds that the $179,400 punitive award is appropriately entered against the corporate defendant AMC and Darren Frank, individually" (*see* Opinion Memorandum and Final Judgment at 16-17). The Court, however, did not expressly award compensatory damages on Ms. Petrie's fraudulent inducement claim. Thus no compensatory damages have been awarded against Mr. Frank – they have only been awarded against AMC on the breach of contract claim (Count 2). It is Plaintiff's position that the Court's failure to award compensatory damages on the fraudulent inducement claim was inadvertent, and should be corrected, pursuant to Fed.R.Civ.P. 60.

### II.   ARGUMENT

**A.   The Law:**

---

[1] The Court had previously entered partial judgment in favor of the Petries and against AMC on Count 2 (breach of contract) in the amount of $69,200.00. The Court's Opinion Memorandum and Final Judgment awarded an additional $109,200.00 against AMC on Count 2 as consequential damages.

Correction of mistakes under the relief from judgment rule is committed to the district court's sound discretion under Fed.R.Civ.P. 60(b). *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 303 (7th Cir.1994).[2] Rule 60(b) sets forth the grounds upon which a court, in its discretion, can rescind or amend a final judgment or order, including: "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1) specifically states:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc**. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]

Rule 60(b)(1) empowers the district court to "relieve a party ... from a final judgment ... for ... inadvertence." The inadvertence can be the court's rather than the parties' and the relief sought partial rather than total. *The Bank of California v. Arthur Anderson & Co. et al.,* 709 F.2d 1174, 1176 (7th Cir. 1983). Plaintiff submits that, in the instant case, for reasons more fully explained below, relief is being sought from the mistake and/or inadvertence on the part of the Court in failing to expressly award compensatory damages in the amount of $179,400.00 against Mr. Frank on Ms. Petrie's

---

[2] Plaintiff understands that Rule 60(b) is an extraordinary remedy. *See McKnight v. United States Steel Corp.,* 726 F.2d 333, 338 (7th Cir.1984). The rule was designed to address the categories of mistakes attributable to special circumstances listed in the rule and not merely to erroneous applications of law. *McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 367 (5th Cir.1993); *Russell v. Delco Remy Div. of General Motors,* 51 F.3d 746, 749 (7th Cir.1995). Final judgments are not "lightly reopened," and Rule 60(b) "is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986) (citations omitted). There must be "highly convincing" evidence supporting the motion, and the movant must show: (1) good cause for failing to act sooner (if applicable); and (2) that granting the motion will not impose an undue hardship on the other parties. *Kotlicky v. U.S. Fidelity & Guaranty Co.,* 817 F.2d 6, 9 (2d Cir.1987) (citations omitted). It is Plaintiff's position that good cause exists for the Court to correct the Opinion Memorandum & Final Judgment in the manner requested herein.

claim of fraudulent inducement (Count 4).[3]

**B)  The Error:**

In the case at bar, the Court, having previously awarded partial compensatory damages in favor of the Petries and against AMC on the breach of contract claim (Count 2), now grants additional <u>compensatory damages</u> (consequential damages) in the amount of $109,200.00 to the Petries against only corporate defendant AMC on Count 2 (Order ¶4, at 18); and <u>punitive damages</u> in the amount of $179,400.00 against Mr. Frank and AMC, jointly and severally, on Ms.Petrie's claim for fraudulent inducement (Order ¶2, at 17). However, despite (i) specifically finding that there is "sufficient evidence to sustain the fraudulent inducement claim of plaintiff Candyce Petrie (Count 4)," and also (ii) ruling that "the defendant American Master Craft Buildings Corp. and the defendant Darren Frank are now adjudicated liable to Candyce Petrie on this claim" (Order ¶2, at 17), the Court fails to award any compensatory damages on Ms. Petrie's fraudulent inducement claim (Count 4). The compensatory damages award is made solely against the corporation AMC on Candyce and Scott Petries' breach of contract claim (Count 2). Therein precisely is the error.

When the Court granted punitive damages on Ms. Petrie's fraud in the inducement claim against AMC and Mr. Frank, it made specific reference to the compensatory damages it had already awarded, and based the punitive damages in the

---

[3] In the first instance, it is critical to note that this motion has been timely filed. Generally, a motion under Rule 60(b)(1) "shall be made within a reasonable time," with one year as the outside limit. *See United States v. Forty-Eight Thousand, Five Hundred Ninety-Five Dollars*, 705 F.2d 909, 912 (7th Cir.1983). The reasonable-time limitation is of particular importance where the mistake sought to be corrected is the court's rather than the movant's. Most courts require that a Rule 60(b)(1) motion to correct the district court's own error be filed within 30 days of judgment. *See, e.g., Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964). The general requirement of such a motion being filed within 30 days of the date of the judgment has been satisfied here since the judgment in question is dated December 15, 2006.

fraud in the inducement claim on those compensatory damages. With regard to the grant of punitive damages, the Opinion Memorandum and Final Judgment specifically states:

> Plaintiff suggests entry of a punitive award that parallels the total compensatory damage loss suffered by the Petries, calculated at $179,400.00 ($109,200 in consequential damages + $70,200.00 in total lost deposit monies). Without any net worth proof the court is not in a position to determine whether this suggested punitive damage award is excessive and will bankrupt Darren Frank. ...
>
> Because the burden of proof was on the defendants to demonstrate that impact of the proposed award, and the defendants have failed to sustain their burden in this regard, the court has determined to impose an award which is commensurate with the compensatory damages suffered by the Petries, and now finds that the $179,400 punitive award is appropriately entered against the corporate defendant American Master Craft and Darren Frank, individually. [Order at 16-17].

Thus, the Court suggests (but does not expressly state) that the amount of compensatory damages awarded on the contract claim was also the amount of damages incurred by the Petries as a result of the fraud. [4]

It is Plaintiff's position that the Court did not expressly award compensatory damages on the fraud claim because it erroneously and inadvertenty believed that it would duplicate what it had already awarded on the contract claim. Where Plaintiff believes the Court erred is in overlooking the fact that the Petries' contract claim (Count 2) was only against AMC, and that no compensatory damages had been awarded against Mr. Frank, individually. Plaintiff believes that this was an inadvertent oversight by the Court, which should be corrected by awarding compensatory damages, as well as

---

[4] A finding of entitlement to punitive damages is not dependent on a finding that a plaintiff suffered a specific injury, and therefore, an award of compensatory damages need not precede a determination of entitlement to punitive damages. *See Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 474 (5th Cir.1986); *Engle, M.D. et al, v. Liggett Group, Inc.* 2006 WL 3742610 (Fla.). However, a finding of liability is required before entitlement to punitive damages can be determined. *Id.*

punitive damages, against Mr. Frank on the fraud in the inducement claim. This inadvertent error of the court is more akin to a clerical error than an error of law. *Bank of California v. Arthur Anderson et. al.,* 709 F.2d 1174 (7th Cir. 1983) (the error of the district judge in this case is more aptly described as a clerical error than as an error of law because the judge did not mistakenly think that he should dismiss the pendent claim on the merits; instead he mistakenly signed a judgment form taken verbatim from the forms appendix to the Federal Rules of Civil Procedure that contained an inapplicable recital-- that dismissal was "on the merits"). Thus, the Court may correct its error under both Rules 60(a) and Rule 60(b)(1) of the Federal Rules of Civil Procedure.

### III.  CONCLUSION

Plaintiff Candyce Petrie therefore respectfully requests that this Court enter an Order granting the present motion, and amending the Opinion Memorandum & Final Judgment on the fraudulent inducement claim of Ms. Petrie to reflect the grant of compensatory damages in the amount of $179,400.00 against Defendants AMC and Mr. Frank, jointly and severally.[5]

---

[5] The Court's Order may indicate that, as against AMC, the award of compensatory damages on Count 4 is not in addition to the Court's previous award on Count 2. The principal purpose of the Court's Order would be to award compensatory damages as against Mr. Frank.

*CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS*

CONCEPCION, SEXTON & MARTINEZ

Attorneys for Plaintiffs Adobe Lumber &
*Candyce and Scott Petrie*
355 Alhambra Circle - Suite 1250
Coral Gables, Florida 33134
Tel.:(305) 444-6669; Fax:(305) 444-3665

By: _____
    CARLOS F. CONCEPCION, ESQ.
    Florida Bar No.:386730
    **ELIO F. MARTINEZ, JR. ESQ**
    Florida Bar No.:501158

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. mail to Mark D. Cohen, Esq., 4000 Hollywood Boulevard, Suite 435, Hollywood, Florida 33021 on this 9th day of January, 2007.

By: _____
    **ELIO F. MARTINEZ, JR. ESQ**

T:\Channel Lumber Company (Petrie, Candyce)\Firm's Pleadings\Motions and Memos\MOTION TO AMEND-CHANNEL LUMBER.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NUMBER: 05-80732-CIV-HURLEY/HOPKINS

ADOBE LUMBER, CO., CANDYCE PETRIE,
and SCOTT PETRIE,

        Plaintiffs,

v.

AMERICAN MASTER CRAFT STEEL
BUILDINGS, CORP., DARREN FRANK
a/k/a CECIL D. FRANK and SOPHIA FRANK,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF CANDYCE PETRIE'S
RULE 60 MOTION TO AMEND JUDGMENT**

THIS MATTER came before the Court upon Plaintiff Candyce Petrie's Rule 60 Motion To Amend Judgment, and Supporting Memorandum of Law. The Court has reviewed Plaintiff Candyce Petrie's Motion, has examined the file, and is otherwise fully advised in the premise, it is hereby

ORDERED AND ADJUDGED:

(1) Plaintiff Candyce Petrie's Motion is GRANTED.

(2) Plaintiff Candyce Petrie is awarded compensatory damages on its fraud in the inducement claim (count 4) against Defendant Darren Frank in the amount of $179,400.00 for which let execution issue forthwith.

DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida this _____ day of _____, 2007.

_____
DANIEL T. K. HURLEY
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Elio F. Martinez Esq.
Mark D. Cohen, Esq.

T/Channel Lumber Company (Petrie, Candyce)\Firm's Pleadings\Proposed Orders\Proposed Order Granting C. Petrie's Rule 60 Motion to Amend Judgment.doc